**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **HENRY LAURIE SMITH,** ) | |
|     **ID # 03-36362,** ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:11-CV-3109-L (BH) |
| ) | |
| **RICK THALER, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Kaufman County Jail, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

After he pled not guilty, a jury found petitioner guilty of possession of methamphetamine in Cause No. 21670 in the 86th Judicial District Court of Kaufman County, Texas, on January 25, 2005, and he was sentenced to twenty-four months imprisonment in a state jail facility. *See* Petition (Pet.) at 2; *Smith v. State*, 2005 WL 2338068 (Tex. App.–Dallas Sept. 26, 2005). He filed a direct appeal but no brief. The appellate court affirmed petitioner's conviction and sentence in an unpublished opinion on September 26, 2005, after determining that there was no fundamental error. *Id*. On April 5, 2006, his petition for discretionary review was refused by the Texas Court of Criminal Appeals. *See* PD-1929-05. Petitioner filed his state writ on April 15, 2011, and it has not

been addressed by the trial court or by the Texas Court of Criminal Appeals. (*See* Pet. at 3; *see also* www.cca.courts.state.tx.us, search for case name and petitioner).[1]

Petitioner asserts that: he was the subject of an unreasonable search and seizure; his due process and equal protection rights were violated; his rights were violated because he was denied appointed counsel on appeal and denied an accurate transcript of the trial; the prosecution failed to provide exculpatory evidence to the defense; he was denied effective assistance of counsel at trial; and he was prosecuted in violation of the double jeopardy clause. (Pet. at 6-15).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal

---

[1] Petitioner claims that he was not arrested and taken into custody to serve his sentence until January of 2011. He filed his state writ application after his arrest. (Pet. at 17). His prior federal petition dated April 26, 2007, was dismissed for want of jurisdiction on October 2, 2007, because he was not in custody when he filed it. *See Smith v. Quarterman*, No. 3:07-CV-0741-K (N.D. Tex. Oct. 2, 2007).

petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, petitioner has not fairly presented the claims he raises in his federal petition to the Court of Criminal Appeals. While he did appeal his conviction, he did not raise these issues on direct appeal, and his state application for writ of habeas corpus has not been ruled on by the trial court or the Court of Criminal Appeals. The Court of Criminal Appeals has not had an opportunity to review the claims raised in his federal petition.

Petitioner appears to seek waiver of the exhaustion requirement because the trial court has not yet ruled on his state writ application. (Pet. at 7). Under 28 U.S.C. § 2254(b)(1), a federal habeas petition may not be granted unless a petitioner has either exhausted his state court remedies or there is either an absence of a state corrective process or circumstances render that process ineffective to protect a petitioner's rights. The Fifth Circuit has stated that in a case where a state writ application has been pending for several years without any action by the state courts, circumstances might exist that render the state process ineffective. *See Burks v. Thaler*, 421 Fed. App'x 364, 365 (5th Cir. April 5, 2011). Here, petitioner's state writ had been pending for less than seven months when he filed his federal petition. He has not shown that there is either an absence of a state process to address his claims or that the state process is ineffective.[2]

---

[2] Petitioner also asks that his petition be held in abeyance until the Fifth Circuit rules on his request to file a successive petition. (Pet. at 7). Because his first federal petition was dismissed for lack of jurisdiction, this petition is not successive. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (application that followed a previous dismissal due to a failure to exhaust state remedies was not found second or successive); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (same for application that followed a previous dismissal due to prematurity). He therefore does not require prior permission from the circuit under 28 U.S.C. § 2244(b)(3) before filing a federal petition.

A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.[3]

**SIGNED this 2nd day of December, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Because the state court has not yet addressed petitioner's underlying claims, this court need not reach the issue of whether the federal petition is also time-barred.