**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HENRY LAURIE SMITH,** | § | |
| **ID # 03-36362,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:11-CV-3109-L (BH)** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Henry Laurie Smith's Petition for Writ of Habeas Corpus, filed March 17, 2011, pursuant to 28 U.S.C. § 2254.  The case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on December 2, 2011, recommending that Petitioner's Petition for Writ of Habeas Corpus be dismissed without prejudice for failure to exhaust state court remedies.  Petitioner filed objections to the Report on December 15, 2011.

## I.   Petitioner's Objections

Petitioner expresses frustration about being permitted to proceed *pro* se on appeal without any knowledge of his right to counsel.  Petitioner also contends, among other things, that he was denied an accurate transcript of the trial; that he "attempted to fairly present his claims raised in his federal petition to the Court of Criminal Appeals"; that he was "[p]rocedurally barred from presenting any grounds not presented on appeal to the [Texas] Court of Criminal Appeals in a

Petition for Discretionary Review"; that "the Court of Criminal Appeals refused to consider the [petition for discretionary review]"; and that "his failure to exhaust fully his claims on appeal was caused by the Texas Court of Appeals rendering the appellate process ineffective." Pet.'s Objections 1-4. The court agrees with Magistrate Judge Ramirez's finding that while Petitioner appealed his conviction, he did not raise the issues he seeks federal review of on direct appeal, and his state habeas application has not yet been ruled on by the state trial court or Court of Criminal Appeals. Petitioner's objections are nearly identical to the contentions asserted in his Writ of Habeas Corpus. Petitioner's frustration with the appellate process is not sufficient to warrant waiver of the requirement that he first exhaust his state court remedies, and Petitioner has not shown an absence of a state process to address his claims or that the state process is ineffective. Petitioner's objections in this regard are therefore overruled.

In addition, Petitioner contends that he was prosecuted in violation of the double jeopardy clause; that his trial counsel provided ineffective assistance; and that the trial court improperly shifted the burden of proof from the State back to him even though he had already met his burden by filing a verified application. Pet.'s Objections 4-8. Again, these objections or contentions are the same or similar to those considered by Magistrate Judge Ramirez and do not address the issue of whether Petitioner has exhausted his state court remedies. The court therefore overrules them.

## II.    Conclusion

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct. The court therefore **accepts** them as those of the court, **denies** Henry Laurie

Smith's Petition for Writ of Habeas Corpus, and **dismisses** this action **without prejudice** for failure to exhaust state court remedies.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 19th day of December, 2011.

Sam A. Lindsay
United States District Judge

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b)    Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Order – Page 3